IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01287-BNB

CHARLES E. BRACK,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO STATE PAROLE BOARD,
JOE ORTIZ, Individually and in his Official Capacity,
JEANEENE MILLER, Individually and in her Official Capacity,
MATTHEW HEAP, Individually and in his Official Capacity,
PAUL BENDER, Individually and in his Official Capacity,
GARY FEAR, Individually and in his Official Capacity,
CHARLES OLIN, Individually and in his Official Capacity,
SCOTT MARSHALL, Individually and in his Official Capacity, and
ALICE SHOEMAKER, Individually and in her Official Capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Charles E. Brack is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Brack has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Plaintiff seeks injunctive relief and money damages. On July 14, 2006, Magistrate Judge Boyd N. Boland entered an order directing Plaintiff to show cause why the Complaint and action should not be dismissed in part as frivolous and malicious because Plaintiff has a case pending, Case No. 05-cv-2658-WYD-CBS, that

raises the same sex offender classification issues that Plaintiff raises in the instant action.

On July 28, 2006, Plaintiff filed a Response. In the Response, he asserts that Defendants Jeaneene Miller, Paul Bender, Gary Fear, Scott Marshall, and Alice Shoemaker were not named as parties to the suit in Case No. 05-cv-02658-WYD-CBS. He further contends that Al Stanley, Deb Allen, Thomas Waters, Leland Simkins, Cindy Jamison, and Jeff Jenks, who are named as defendants in Case No. 05-cv-02658-WYD-CBS, did not participate in the events he asserts in the instant action.

The Court finds that with respect to Defendants Joe Ortiz, Matthew Heap, and Charles Olin the claims that Plaintiff asserts in the instant action are no different than the claims he raises against them in Case No. 05-cv-02658-WYD-CBS. Therefore, Defendants Ortiz, Heap, and Olin and the claims asserted against them will be dismissed. As for Defendants Miller, Heap, Bender, Fear, Marshall, and Shoemaker, the claims asserted against them as they pertain to Plaintiff's sex offender classification claim will be assigned to District Judge Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Craig B. Shaffer.

As for Defendant Colorado State Parole Board, allegations against the board fail to state claims under § 1983 because the Board is not a person for purposes of § 1983. **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 70-71 (1989); **Croft v. Harder**, 927 F.2d 1163, 1164 (10th Cir. 1991). This protection flows from the State's Eleventh Amendment immunity. **See Will**, 491 U.S. at 66. Therefore, the parole board is an improper party to the action.

With respect to Defendant Colorado Department of Corrections, the Department of Corrections is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The DOC and its correctional facilities are protected by Eleventh Amendment immunity. *See Will*, 491 U.S. at 66; *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, Defendant Department of Corrections will be dismissed. Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections, Colorado State Parole Board, Joe Ortiz, Matthew Heap, and Charles Olin are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Colorado Department of Corrections, Colorado State Parole Board, Joe Ortiz, Matthew Heap, and Charles Olin from the docket as parties to the action. It is

FURTHER ORDERED that the case and the sex offender classification claims alleged against remaining Defendants Jeaneene Miller, Paul Bender, Gary Fear, Scott

Marshall, and Alice Shoemaker shall be assigned to District Judge Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Craig B. Shaffer.

DATED at Denver, Colorado, this 24 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01287-BNB

Charles E. Brack
Reg. No. 42625
Fremont Corr. Facility
P.O. Box 999
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/25/06

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk